IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01263-KAS

WYATT T. HANDY, JR.,

Plaintiff,

v.

WS BARRICADE CORPORATION,
RON SMITS,
STEPHEN ELIOFF,
AMY PIETERSE, and
KYLE JEROME,

Defendants.

---

# ORDER

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)** [#124][1] (the "Motion"). Defendant filed a Response [#125], and Plaintiff, who proceeds as a pro se litigant,[2] filed a Reply [#126]. The case has been referred to the undersigned for all purposes on consent of the parties. *Signed Consent/Non-Consent Form* [#30]; *Order of Reference* [#31]. The Court has reviewed the

[1] "[#124]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

briefs, the case file, and the applicable law. For the reasons stated below, the Motion [#124] is **DENIED**.

## I. Background

This employment discrimination action arises from Plaintiff's employment with and termination from Defendant WS Barricade Corporation ("WSB"). *See Compl.* [#1] at 5, ¶¶ 10-11. Defendants moved to dismiss, asserting that Plaintiff's claims were either implausible, not legally cognizable, or both. *Motion to Dismiss* [#22] at 8-35. The Court agreed, concluding that the well-pleaded allegations in Plaintiff's Complaint [#1] did not raise an inference of race or sex-based discrimination. *Order* [#78] at 13-14.

Plaintiff then made three successive attempts to amend his complaint. *See Am. Compl.* [#49]; *Minute Order* [#70]; *Motion for Leave to File Second Am. Compl.* [#72]; *Motion for Leave to File Third Am. Compl.* [#88]. The Court set the third Motion [#88] for a hearing, where it explained to Plaintiff in detail that the allegations in the proposed amendment still failed to present specific facts that permit an inference of discrimination or retaliation based on race or sex. *See Order* [#122] at 5. After equipping Plaintiff for a *second* time with clear guidance on the deficiencies in his pleading, the Court told Plaintiff that it would allow him *one final opportunity* to plead allegations sufficient to state claims for relief. *Id.* at 6.

Plaintiff submitted a proposed Fourth Amended Complaint [#105-1], and upon reviewing it, the Court concluded that Plaintiff still failed to cure the deficiencies of which he had been twice advised. *Id.* at 10-16. Therefore, the Court denied Plaintiff's Motion [#105] and entered final judgment in favor of Defendants and against Plaintiff. *Order* [#122]; *Judgment* [#123].

Plaintiff now seeks post-judgment relief, arguing that the Court neglected to address Plaintiff's allegations that "Defendants offered materially inconsistent explanations for Plaintiff's termination and that those inconsistencies constituted evidence of pretext." *Motion* [#124] at 3.

## II. Legal Standard

A final order is one that "leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Once the court enters a final judgment, "the public gains a strong interest in protecting the finality of judgments." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019); *see also Sanchez-Llamas v. Oregon*, 548 U.S. 331, 356 (2006) (discussing the "important interest in the finality of judgments"). Accordingly, the Tenth Circuit has "restricted district courts' discretion" when ruling on post-judgment motions for reconsideration. *Nelson*, 921 F.3d at 929.

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Generally, "[a] motion for reconsideration is treated as a motion to alter or amend the judgment under Rule 59(e) when filed within the time period prescribed by Rule 59(e)." *Ascent Classical Acads. v. Ascent Classical Acad. Charter Schs., Inc.*, No. 24-cv-0653-GPG-STV, 2025 WL 1014791, at *1 (D. Colo. April 2, 2025); *but see Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005) (holding that a court errs by applying Rule 59(e) when the stated grounds for relief clearly invoke Rule 60(b)).

In this Circuit, grounds warranting reconsideration pursuant to Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable,

or (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The third category includes situations where "the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A Rule 59(e) motion is not the appropriate vehicle to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Instead, it is an extreme remedy to be granted only in rare circumstances. *See Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). "[A]s a practical matter, a party seeking reconsideration must set forth facts or law of a strongly convincing nature[.]" *Wiltberger v. Lee-Ward Partners*, LLC, No. 16-cv-00307-MSK-NYW, 2017 WL 4118446, at *1 (D. Colo. Sept. 18, 2017).

## III. Analysis

Plaintiff's Motion [#124] rests on two faulty assumptions: (1) that the Court denied leave to amend based only on an incomplete futility analysis; and (2) that the Court's failure to discuss particular factual allegations to Plaintiff's satisfaction amounts to clear error or manifest injustice justifying extraordinary relief.

As to the first, the Court did not deny leave to amend simply because the proposed Fourth Amended Complaint was subject to dismissal, or in other words, futile. Just as important, if not more important, to the Court's analysis was the failure to cure factor. *See Order* [#122] at 9-10. The Court may deny leave to amend on a showing of failure to cure deficiencies by amendments previously allowed. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *Goode v. Zavodnick*, No. 20-cv-00742-DDD-KLM, 2023 WL 3568126, at *17 (D. Colo. Feb. 17, 2023). The Court advised Plaintiff on two occasions of the deficiencies in his pleadings. For example, the Court noted that his failure to plausibly

allege that he was treated differently from a similarly situated comparator, absent some other plausible allegation giving rise to an inference of discrimination, was fatal to his claim. *See Order* [#78] at 14, 24; *Order* [#122] at 12-13. Nevertheless, Plaintiff continued to lodge the same defective allegation in his proposed Fourth Amended Complaint. *Order* [#122] at 12-13. The Court could have exercised its discretion to deny leave to amend for that reason alone, without even reaching futility. Thus, to the extent that the Court's futility analysis was—in Plaintiff's view—incomplete, it does not warrant a different outcome.

Second, Plaintiff directs the Court to no case supporting his argument that failing to analyze or discuss every allegation within a sprawling proposed amended pleading amounts to clear error or manifest injustice. However, giving the Motion [#124] a liberal construction, Plaintiff may have intended to argue that, by failing to discuss some allegations, the Court misapprehended the facts or Plaintiff's position. However, even affording the Motion [#124] this generous interpretation, the argument is unavailing.

Plaintiff's primary concern is his allegation that there were inconsistencies between the contemporaneous explanation he was given for his termination and the justifications that his employer gave in subsequent documentation. In the moment, Plaintiff was told that he was being terminated because it was "clear" that he was "no longer happy with the company" and did not "want to help the company progress." *Proposed Fourth Am. Compl.* [#105-1] at 11, ¶ 130. When Plaintiff sought unemployment benefits, Defendant Pieterse later explained that Plaintiff was terminated because he received pay he did not earn, sent various emails "badgering the HR department," and violated the company's Code of Conduct. *Id.* at 12, ¶¶ 137-139.

Plaintiff is correct that evidence of a false justification for termination may become relevant to establishing pretext under the third step of the *McDonnell Douglas* burden-shifting test. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147-48 (2000); *Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1194-95 (10th Cir. 2016); *Plotke v. White*, 405 F.3d 1092, 1102 (10th Cir. 2005); *Jaramillo v. Colo. Jud. Dep't*, 427 F.3d 1303, 1309 (10th Cir. 2005); *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1231 (10th Cir. 2000). But in *Jaramillo*, the Tenth Circuit rejected a similar argument to the one that Plaintiff lodges here, reasoning that just because one justification turns out to false, inaccurate, or incomplete, it does not *automatically* mean that every other non-discriminatory justification is a pretext for discrimination. 427 F.3d at 1309 ("The fact that one of the CJD's explanations turned out to be incorrect does not necessarily create a genuine issue of fact concerning pretext.").

However, the Court's task is to stay focused on the main thing. At this stage in the proceedings, Plaintiff was not required to make out a prima facie case or establish pretext. He simply needed to plead some set of facts that would allow the Court to infer that he was terminated *because of* his race or sex, or at a minimum, *because* he complained of race or sex discrimination. *Khalik v. United Air Lines*, 671 F.3d 1188, 1194 (10th Cir. 2012). He did not. Instead, he pleaded a history of significant acrimony concerning his work schedule and childcare accommodations, an unfounded discrimination and harassment complaint based on that conflict, and a request by WSB that Plaintiff return wages it claimed he did not earn—all of which finally came to a head when Plaintiff demanded holiday pay. Whether Plaintiff was terminated because he was unhappy with the company, or as was later suggested, because he repeatedly "badgered" the HR department, neither

further his conclusory allegation that he was terminated *because* of race or sex. And the proposed Fourth Amended Complaint provides no further factual enhancement that would allow the Cour to infer, simply because both reasons were given at different times, that race- or sex-based discrimination must have been afoot.

Finally, the Court did not spill much ink on Plaintiff's allegations concerning the "wage theft" issue because it did not assist Plaintiff in stating plausible claims. For reasons discussed in more detail in the Order [#122], Plaintiff's discrimination complaint (and the tangential "wage theft" conversation, which arose during the same meeting) were temporally severed from his ultimate termination by intervening events. Namely, the holiday pay demand was an intervening event that prompted Plaintiff's termination and severed the causal connection between the two events. *See Order* [#122] at 15.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#124] is **DENIED**.

Dated: November 4, 2026

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge